UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER G. VALENCIA,

Plaintiff,

v.

C.D.C.R., et al.,

Defendants.

Case No.: 1:23-cv-000831-KES-SKO

**ORDER GRANTING PLAINTIFF NINETY DAYS WITHIN WHICH TO IDENTIFY DOE HOSPITAL DIRECTOR**

Plaintiff Christopher G. Valencia is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I. BACKGROUND**

Plaintiff filed his first amended complaint on January 22, 2024. (Doc. 7.) Following screening, the Court found Plaintiff stated an Eighth Amendment conditions of confinement claim against Defendants Doe Hospital Director. (*See* Docs. 9 & 11.)

The Court now addresses the issue of Plaintiff's need to identify Doe Hospital Director against whom his Eighth Amendment claim proceeds.

**II. DISCUSSION**

Defendant Doe Hospital Director is employed at California State Prison-Corcoran and is presently unknown to Plaintiff. Plaintiff alleges Doe Hospital Director failed to ensure his health and safety due to a dangerous condition at the institution's hospital in violation of the Eighth

Amendment.

Plaintiff is advised that the United States Marshal cannot serve Doe defendants. Plaintiff will be required to identify Doe Hospital Director with enough information to locate this defendant for service of process. Plaintiff will be given the "'opportunity through discovery to identify the unknown (Doe) defendants.'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

As previously noted, this action proceeds, in part, on Plaintiff's Eighth Amendment claim against Doe Hospital Director. Although Plaintiff has stated a plausible claim against this individual, the Court will not require service at this time. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, it is not clear that discovery would not uncover the identity of Doe Hospital Director. Nor is there any indication that Plaintiff's first amended complaint would be dismissed on other grounds. Thus, Plaintiff should be afforded an opportunity to discover the identity of Doe Hospital Director through limited discovery.

Initially, the Court notes Plaintiff may wish to seek the identity of Doe Hospital Director through other means. For example, Plaintiff might use a CDCR Form 22 to learn the identity of the individual who served as the institution's hospital director during the relevant period. Plaintiff might also request copies of other relevant records that may include the actual name of Doe Hospital Director. *See, e.g.*, *Thompson v. Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain the names of these [John Doe] individuals by accessing his classification records or using the CDCR Form 22"). Otherwise, Plaintiff may seek a subpoena to obtain the necessary information.

Rule 45 of the Federal Rules of Civil Procedure addresses subpoenas. Plaintiff is advised that the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis*

plaintiff is subject to limitations.[1] Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

Finally, if Plaintiff has learned the name of Doe Hospital Director since filing his first amended complaint and/or does not require a subpoena to obtain this individual's identity, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for "Doe Hospital Director."

## III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS Plaintiff ninety (90) days** in which to discover the identity of Doe Hospital Director, through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of Doe

[1] Although Plaintiff paid the filing fee for this action and thus is not proceeding *in forma pauperis*, the Court will apply the same standards.

Hospital Director, the Court will recommend dismissal, without prejudice, of Defendant Doe Hospital Director.

IT IS SO ORDERED.

Dated: **May 23, 2025**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE