UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C.D.C.R., et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-000831-KES-SKO<br><br>**ORDER GRANTING NOTICE OF SUBSTITUTION IN PART**<br><br>(Doc. 16) |

Plaintiff Christopher G. Valencia is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

On May 23, 2025, this Court issued its Order Granting Plaintiff Ninety Days Within Which to Identify Doe Hospital Director. (Doc. 12.) Specifically, Plaintiff was permitted to engage in limited discovery to identify an unknown individual and "to substitute this Defendant's actual name by filing a 'notice of substitution'" within 90 days. (*Id.* at 3.)

On June 23, 2025, Plaintiff filed a document titled "Notice of Dr. Joseph Bick Substitution," docketed by the Clerk of the Court as a "Response." (Doc. 16.)

**II.    DISCUSSION**

Plaintiff seeks to substitute Dr. Joseph Bick, Director, Division of Correctional Health Care Services at California State Prison-Corcoran, for Doe Hospital Director, "in both official and

1  individual capacity." (Doc. 16.)

2  Federal Rule of Civil Procedure 15(c), Relation Back of Amendments, provides:

3  (1) When an Amendment Relates Back. An amendment to the pleading relates back to the date of the original pleading when:

4

5  (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

6

7  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

8

9  (ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

10

11  The Court's May 23, 2025, Order directed Plaintiff "to substitute this defendant's actual

12  name by filing a 'notice of substitution'" once he learned the individual's actual name through

13  limited discovery. (Doc. 12 at 3.) Plaintiff has complied and therefore a proposed amended

14  complaint identifying the defendant by name as contemplated by Rule 15(c) and Local Rule 220

15  is unnecessary.

16  A review of the operative first amended complaint shows Plaintiff identifies the Doe

17  Hospital Director with sufficient facts regarding his involvement in the alleged Eighth

18  Amendment conditions of confinement claim at issue. (*See* Doc. 9 at 10-13 [claim 3].) Thus, the

19  filing of an amended complaint to substitute the name of Doe Hospital Director is unnecessary.

20  Plaintiff's notice seeks to substitute Dr. Bick "in both [his] official and individual

21  capacity." (Doc. 16 at 2.) Pursuant to the Eleventh Amendment, an official capacity suit against

22  this defendant is improper because Plaintiff is seeking money damages. (*See* Doc. 7 at 9.) "The

23  Eleventh Amendment bars suits for money damages in federal court against a state, its agencies,

24  and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144,

25  1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits

26  for money damages against state officials in their personal or individual capacities. *Hafer v. Melo*,

27  502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). Therefore, Plaintiff

28

cannot state a claim for damages against Dr. Bick in his official capacity,[1] and the claim may be brought in Bick's individual or personal capacity only.

In sum, the first amended complaint will remain the operative complaint in this action and the Court will substitute Doe Hospital Director for the named defendant Plaintiff identifies as Joseph Bick, M.D. *See, e.g.*, *Cantu v. Doe 1*, No. 1:20-cv-00386-HBK, 2021 WL 2822531, at *1-2 (E.D. Cal. July 7, 2021); *Altheide v. Williams*, No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 * 1 (D. Nevada Jan. 3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named-defendants for the John Doe Defendants).

### III.     CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to substitute Doe Hospital Director (Doc. 16) is **GRANTED in part;**
2. Defendant Bick is sued in his personal or individual capacity only;
3. The Clerk of the Court is **DIRECTED** to substitute **Joseph Bick, M.D.**, for "Doe, Director of Hospital" on the docket for this action; and
4. Limited discovery is now closed. The Court will issue a separate order regarding service of process in due course.

IT IS SO ORDERED.

Dated:     **August 25, 2025**                    /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's first amended complaint was silent in this regard. Where a complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit for money damages. *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1991).