UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GABRIEL VALENCIA,<br><br>            Plaintiff,<br><br>        v.<br><br>C.D.C.R., et al.,<br><br>            Defendants. | Case No.: 1:23-cv-00831-KES-SKO<br><br>**ORDER VACATING MARCH 19, 2026, SETTLEMENT CONFERENCE**<br><br>**ORDER DISCHARGING WRITS OF HABEAS CORPUS AD TESTIFICANDUM**<br><br>**ORDER SETTING SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE PROCEDURES**<br><br>**Settlement Conference: 4/21/2026 at 9:30 a.m.** via Zoom Videoconferencing before Magistrate Judge Barbara A. McAuliffe |

Plaintiff Christopher Gabriel Valencia is appearing pro se in this civil rights action.

## I.    INTRODUCTION

On November 26, 2025, this matter was set for a telephonic pre-settlement conference on March 12, 2026, and a settlement conference on March 19, 2026, before Magistrate Judge Erica P. Grosjean (Doc. 35 [Minute Order]) and on December 1, 2025, Judge Grosjean issued an Order re Settlement Conference Procedures (Doc. 36).

On February 5, 2026, the undersigned issued orders and writs of habeas corpus ad testificandum concerning the proceedings set before Judge Grosjean. (Doc. 37 & 38.)

Since issuance of the above orders, the parties to this action have agreed to attempt a global settlement involving two additional actions involving Plaintiff: *Valencia v. Medina, et al.*, No. 1:-22-cv-00569-JLT-SAB, and *Valencia v. State of California, et al.*, No. 2:25-cv-03524-EFB. Therefore, the Court will vacate the March 2026 telephonic pre-settlement conference and settlement conference, discharge the previously issued writs of habeas corpus ad testificandum, and set this matter for a settlement conference before Magistrate Judge Barbara A. McAuliffe.

**II.      ORDER VACATING TELEPHONIC PRE-SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE**

For the reasons given above, the telephonic pre-settlement conference set for March 12, 2026, at 10:30 a.m. and the settlement conference set for March 19, 2026, at 1:00 p.m. before Magistrate Judge Erica P. Grosjean are **HEREBY VACATED**.

**III.     ORDER DISCHARGING WRITS OF HABEAS CORPUS AD TESTIFICANDUM**

The March 2026 proceedings set before Judge Grosjean have been vacated. Inmate Christopher Gabriel Valencia, CDCR #T-05563, is no longer needed by the Court as a witness in those proceedings, and the writs of habeas corpus ad testificandum as to this inmate is **HEREBY DISCHARGED**.

**IV.     ORDER SETTING SETTLEMENT CONFERENCE AND PROCEDURES**

This case is referred to Magistrate Judge Barbara A. McAuliffe to conduct a **video settlement conference, via the Zoom videoconferencing application**, on **April 21, 2026, at 9:30 a.m.**  The Court will issue any necessary transportation order in due course.

The parties shall contact Courtroom Deputy Esther Valdez at (559) 499-5788 or evaldez@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes.

In issuing this order, there is a presumption that this case will proceed to a settlement conference.[1]  However, if after investigating Plaintiff's claims and speaking with Plaintiff, and

---

[1] If the case does not settle, the Court will then issue the Discovery and Scheduling Order.

2

after conferring with others, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this early settlement conference.  A written notice to opt out must be filed within **thirty (30) days** of the date of the issuance of this order.

The parties shall each submit to Judge McAuliffe a confidential settlement conference statement, as described below, **to arrive at least seven days (one week) prior to the conference**.

The court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

If Defendants do not elect to opt out of the settlement conference, Defendants shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case.  <u>The parties are also informed that an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations</u>.

In accordance with the above, **IT IS HEREBY ORDERED** that:

1. The stay of this action is EXTENDED to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery but may engage in informal discovery to prepare for the settlement conference.

2. This case is SET for a **<u>video</u>** settlement conference, **<u>via the Zoom videoconferencing application</u>**, before Magistrate Judge Barbara A. McAuliffe on **April 21, 2026, at 9:30 a.m.**

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend **<u>via the Zoom videoconferencing application</u>**.

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of

3

sanctions.  The manner and timing of Plaintiff's transportation to and from the conference is within the discretion of CDCR.

5.  Defendants shall provide a confidential settlement statement to the following email address: **bamorders@caed.uscourts.gov**.  Plaintiff shall mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721, "**Attention: Magistrate Judge Barbara A. McAuliffe**."  The envelope shall be marked "Confidential Settlement Statement."  Settlement statements shall arrive no later than **April 14, 2026**.  Parties shall also file a Notice of Submission of Confidential Settlement Statement (*see* Local Rule 270(d)).  Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**.  Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

6.  The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a.  A brief statement of the facts of the case.

    b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e.  A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

    f.  If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.

4

7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

8. If defense counsel wishes to "opt-out" of this settlement for the reasons stated above, counsel must do so within **thirty (30) days** of this order by filing a "Notice of Opt-Out and Request to Vacate Settlement Conference."

9. **If defense counsel does not wish to opt-out, defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed to determine whether the institution can accommodate a Zoom video appearance by Plaintiff at this date and time.**

10. The parties remain obligated to keep the Court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." *See* Local Rule 182(f).

11. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

12. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at California State Prison, Corcoran, via facsimile at (559) 992-7372 or via email.

IT IS SO ORDERED.

Dated:    **February 19, 2026**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE